

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | 13-40050-02 |
| Plaintiff, | \* | |
| | \* | REPORT and RECOMMENDATION |
| vs. | \* | (Motion for Bill of Particulars or in the |
| | \* | Alternative to Dismiss, Doc. 100) |
| PATRICIO RODRIGUEZ PENA | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Defendant's Pena's Motion for a Bill of Particulars or in the Alternative to Dismiss (Doc. 100). The trial is currently scheduled for Tuesday, December 17, 2013. Based on a careful consideration of the written submissions the Court respectfully makes the following:

## RECOMMENDATION

It is respectfully recommended that Defendant's Motion be **DENIED.**

## JURISDICTION

Defendant is charged in a Superseding Indictment with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§841(a)(1) and 846. The pending Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## FACTUAL BACKGROUND

Pena is charged along with seven other co-defendants in a two-count Superseding Indictment with (Count I) Conspiracy to Distribute 50 grams or more of methamphetamine; and (Count II) Conspiracy to Distribute 100 kilograms or more of marijuana. The date alleged for Count I is "beginning at an unknown date and continuing through the date of this Indictment." The date alleged for Count II is "beginning at an unknown date and continuing through approximately May 2013."

## DISCUSSION

### Bill of Particulars

Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the Court to determine whether a Bill of Particulars should be provided, and the Court should grant the motion if necessary to prevent unfair surprise at trial. *United States v. Maull*, 806 F.2d 1340, 1345 (8th Cir. 1986). *See also United States v. Butler*, 822 F.2d 1191, 1193-94 (D.C.Cir.1987). The Court must strike a "prudent balance" between the legitimate interest of the government and the Defendant. *United States v. MacFarlane*, 759 F.Supp. 1163, 1169 (W.D.Pa.1991). A Bill of Particulars is not a discovery tool or a device for allowing the defense to preview the Government's theories or evidence. *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990). A Bill of Particulars properly includes clarification of the Indictment, not the Government's proof of its case. *United States v. Smith*, 341 F.Supp. 687, 690 (N.D.Ga.1972). Likewise, acquisition of evidentiary detail in the form of the exact times of the acts alleged in the Indictment for purposes of establishing an alibi is not the function of a bill of particulars. *United States v. Long*, 449 F.2d 288, 294-95 (8th Cir. 1971).

### Motion to Dismiss; Sufficiency of the Indictment.

Unlike the general federal conspiracy statute, (*see* 18 U.S.C. § 371), the conspiracy provision of the Controlled Substances Act does not require an Indictment to recite any overt acts taken in furtherance of the conspiracy. 21 U.S.C. § 846; see *United States v. Covos*, 872 F.2d 805, 810 (8th Cir. 1988) ; *United States v. Dempsey*, 806 F.2d 766, 769 (7th Cir.1986); *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir.1982). In fact, the Supreme Court has held that proof of "the commission of any overt acts in furtherance of the conspiracy" is not even required for a *conviction* under 21 U.S.C. § 846. *United States v. Shabani*, 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Thus, an indictment under 21 U.S.C. § 846 is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy." *United States v. Sweeney*, 688 F.2d at 1140. "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009).

The information set forth in the Indictment, along with the discovery provided to date, are sufficient for the preparation of a defense. *See United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir.). While the Indictment does not specially allege the exact start date of the conspiracy, an indictment that specifies an end date is sufficient to apprise the defendant of the charges and enable him to prepare a defense. *United States v. Rawlins*, 606 F.3d 73, 79 (3rd Cir. 2010) (indictment that specifies end date only sufficient); *United States v. Forrester*, 616 F.3d 929, 941 (9th Cir. 2010) (same); *United States v. Pease*, 240 F.3d 938, 943 (11th Cir. 2001) (same).

### CONCLUSION and RECOMMENDATION

Because the Defendant concedes he has been supplied extensive discovery and because the Indictment in this case provides the Defendant with the essence of the charges against him, it is respectfully RECOMMENDED to the District Court that Defendant's Motion for a Bill of Particulars or in the Alternative to Dismiss (Doc. 100) be DENIED.[1]

### NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986

Dated this 6 day of Nov, 2013.

BY THE COURT:

John E. Simko

---

[1] Defendant has failed to indicate compliance with Local Rule of Criminal Practice 16.1 and 47.1. Those rules require "a party filing a motion concerning a discovery dispute will file a separate certification describing the good faith efforts of the parties to resolve the dispute." It does not appear that the parties have yet engaged in the required good faith effort to resolve this dispute on their own. For this reason as well, the Motion (Doc. 100) should be DENIED.